UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANNETTE ROGERS,

      Plaintiff,

v.                                      CASE NO. 8:13-CV-2466-T-33MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for review of the administrative denial of disability insurance benefits (DIB), period of disability benefits, and supplemental security income (SSI). *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). There is only one issue on appeal: whether the Administrative Law Judge (ALJ) erred by failing to comply with Social Security Rule 00-4p when he accepted the testimony of the vocational expert (VE) and determined Plaintiff could perform her past relevant work. After considering the parties' briefs and the administrative record in this case, I conclude that the Commissioner's decision is in accordance with the law and supported by substantial evidence. I therefore recommend the Commissioner's decision be affirmed.

    *A.*    *Background*

Claimant Jannette Rogers was born on November 13, 1962. (R. 176) She has an eighth grade education and past work experience as a janitor, a cook, and a laborer. (R. 42, 228-29) Claimant alleges disability commencing February 15, 2007. (R. 19) After a hearing, the ALJ found Claimant had the severe impairments of "lumbar disc bulge and mild spondylosis . . . an anxiety disorder with

panic attacks; anxiolytic dependence, to include an addiction to Xanax presently under controlled medical withdrawal with occasional fatigue and headaches." (R 21) Aided by the testimony of a vocational expert, the ALJ determined the Claimant was not disabled as she had the RFC to perform light work with the following restrictions:

> [S]he can lift and carry up to twenty pounds occasionally, ten pounds frequently; she cannot climb ladders, ropes or scaffolds; she can occasionally climb ramps or stairs, kneel and crawl, and she can frequently balance, stoop and crouch. The claimant should avoid concentrated exposure to excessive vibrations, environmental irritants such as fumes, odors, dusts and gases, poor ventilated areas, the use of hazardous or moving machinery and unprotected heights. The claimant is able to perform simple, routine and repetitive tasks performed free of fast-pace production requirements, with only occasional superficial interaction with the general public and occasional interaction with co-workers.

(R. 23) The ALJ also found that, with this RFC, the Claimant could perform her past relevant work as a janitor as she had actually performed it. (R. 28) The Appeals Council denied review. Plaintiff, who has exhausted her administrative remedies, filed this action.

    B.    *Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a

"sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has

been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    C.    *Discussion*

Plaintiff argues the ALJ erred in one way: he failed to comply with Social Security Rule 00-4p, because he did not "elicit a reasonable explanation for the apparent conflict" between the VE's testimony and the Dictionary of Occupational Titles (DOT) (doc. 20 at 5). This "apparent conflict" involves the ALJ and VE's classification of Plaintiff's past janitorial work as "light work," while the DOT, on the other hand, classifies it as "medium work." Further complicating matters, the ALJ accepted the VE's classification of the janitor job as corresponding to DOT code 323.687.014, which is actually the code for cleaner/housekeeper (classified as light work) (R. 28).

The Commissioner responds that a job's title is not as important as its duties and that Plaintiff's duties at her past job correspond more closely to those of a cleaner/housekeeper than a general janitor (doc. 25 at 8). The Commissioner contends: (1) the VE determined Plaintiff actually performed her janitorial duties at the light exertional level; (2) this determination is consistent with Plaintiff's testimony regarding her past work; and (3) Plaintiff tacitly acknowledged this when she did not object to either the VE's work report or the VE's testimony (*Id*. at 5-10).

The law favors the Commissioner on this point. The purpose of SSR 00-4p is to clarify the standards for use of a vocational expert at a hearing. The ruling requires the ALJ to "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [the VE] . . . and information in the [DOT]." SSR 00-4p. The ruling continues:

> When there is an apparent unresolved conflict between VE . . . and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator's will inquire, on the record, as to whether or not there is such

4

>consistency. Neither the DOT nor the VE . . . automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information.

SSR 00-4p.

In *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), the Eleventh Circuit held that when the VE's testimony conflicts with the DOT, the VE's testimony "trumps" the DOT. The *Jones* court reasoned that the DOT is not comprehensive; it provides occupational information on jobs in the national economy and directs DOT users to supplement this information with data from the local economy. *Id.*; *see Dickson v. Comm'r of Soc. Sec.*, No. 5:13-cv-48-Oc-DNF, 2014 WL 582885, at *3 (M.D. Fla. Feb. 13, 2014). Even though SSR 00-4p post-dates *Jones*, I have not located any case that overturns *Jones*. *Dickson*, 2014 WL 582885, at *4. As for the impact of Social Security rulings on the District Court, "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [...] Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

Here, the ALJ expressly requested that the VE apprise him if the VE's testimony deviated from the DOT. (R. 60) In so doing, the ALJ complied with the requirements of SSR 00-4p. *Dickson*, 2014 WL 582885, at *4. The VE did not advise the ALJ of any conflicts, apparent or otherwise, and during the hearing, Plaintiff's counsel did not allege that any conflict existed nor did he question the VE regarding any purported conflicts. "Neither case law nor SSR 00-4p require an ALJ to resolve a conflict that was not identified and was not otherwise apparent. The law in the Eleventh Circuit under *Jones*, *supra*, is that the [VE]'s testimony trumps the DOT, and therefore the

5

ALJ may rely on the testimony of the [VE] even if it is in conflict with the DOT." *Id.*, at *5.

What is more, Plaintiff appears to ask the Court to do more than what SSR 00-4p requires by finding the ALJ has an affirmative duty to independently investigate where there is a potential conflict between the VE's testimony and the DOT. But 00-4p does not require this. "[I]t simply requires that the ALJ ask the [VE] if a conflict does exist, and if a conflict exists, then the ALJ must explain and resolve the conflict." *Dickson*, 2014 WL 582885, at *5; *see Witherspoon v. Colvin*, No. CA 12-0220-C, 2013 WL 1154319, at *18-19 (S.D. Ala. Mar. 19, 2013). An ALJ is not required to independently investigate a conflict where the VE does not find one. *Id*. This is especially so here, because Plaintiff had a representative at the hearing who did not ask these questions of the VE or otherwise raise the issue of any potential conflict between the VE's testimony and the DOT.

Plaintiff does not cite any law in her argument; nothing Plaintiff presents convinces me the ALJ erred. The VE described Plaintiff's work history, including her work as a janitor, and stated this job was light, unskilled work according to the DOT. (R. 60-62, 225) The ALJ asked the VE to assume an individual with Plaintiff's background and RFC and, in response, the VE testified an individual with Plaintiff's limitations could perform as a janitor. (R. 62) An ALJ may rely on a VE's testimony regarding the demands of a plaintiff's past relevant work and the plaintiff's ability to perform her past relevant work. 20 C.F.R. § 416.960(b)(2); *Savor v. Shalala*, 868 F. Supp. 1363, 1365 (M.D. Fla. 1994); *New v. Comm'r of Soc. Sec.*, No. 5:12-cv-211-OC-18PRL, 2013 WL 3804846, at *5 (July 8, 2013).

Although the ALJ confused the title of Plaintiff's job and its corresponding DOT code, the error was harmless. At the fourth step of the sequential evaluation process, the ALJ determines

whether a plaintiff's RFC would allow her to perform any of her past relevant work.[1] 20 C.F.R. §§ 416.920(a)(4)(iv), (f); 416.960(b)(3). If a plaintiff can perform any of her past relevant work *as she performed it*, she will be found not disabled. *See id.* Here, at step four, the ALJ considered Plaintiff's RFC and compared it with the physical and mental demands of her past relevant work as a janitor, as she performed it: "Based on the claimant's current residual functional capacity as set forth above, the vocational expert testified that the claimant could return to her work as a janitor that she performed for two years. This job (DOT 323.687-014) was performed at the light unskilled exertional level." (R. 28) The ALJ continued: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it *as actually performed*." (*Id.*) (emphasis added).

Confusingly, the DOT code the ALJ cites is for a cleaner/housekeeper, which is light work (*Id.*). Nonetheless, I find that the ALJ, properly relying on the VE's testimony, classified Plaintiff's past janitor job, as she performed it, as light work. And Plaintiff did not object to the VE's work report, submitted before the hearing (R. 225), or the VE's testimony during the hearing (R. 60-67), implicitly assenting to this classification.[2] *Compare Dickson*, 2014 WL 582885, at *4-5 (finding ALJ may rely on VE's statement that his testimony is consistent with DOT when there is no apparent conflict and claimant had the opportunity to raise the issue at the hearing and did not); *with Weatherby v. Astrue*, No. 2:11-cv-322-FtM-29DNF, 2012 WL 4052267 (M.D. Fla. Sept. 14, 2012) (reversing because VE testified – without explanation – that claimant's past work was light work,

---

[1] Plaintiff does not dispute the ALJ's RFC assessment.

[2] The ALJ asked Plaintiff's counsel: "Do you have any objections to the [VE's work] report?" Plaintiff's counsel replied: "No, Your Honor." (R. 60)

7

when the DOT code was for medium work). Here, the ALJ adequately explained his rationale. There was no reversible error.

        D.     *Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1. That the Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

2. That the Clerk is directed to enter judgment for the Commissioner.

IT IS SO REPORTED in Tampa, Florida on November 10, 2014.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).